# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:12cr80 |
| | § | (Judge Crone) |
| DIETRICK LEWIS JOHNSON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Marcia A. Crone, the Court held a hearing on January 30, 2013, on Defendant's Motion to Withdraw Plea of Guilty (Dkt. #36). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge on August 8, 2012 (Dkt. #28).

## BACKGROUND

On August 7, 2012, Defendant appeared before the undersigned for his change of plea hearing. Defendant pleaded guilty to count one of the indictment charging a violation of 18 U.S.C. § 2119, Car Jacking. On August 7, 2012, Findings of Fact and Recommendation on Guilty Plea were entered. On August 8, 2012, United States District Judge Marcia Crone adopted the report, finding Defendant guilty of count one of the indictment. Defendant's plea agreement was pursuant to Fed. R. Crim. P. 11(c)(1)(C) where the parties agreed the appropriate sentence in this case is twenty (20) years.

On October 5, 2012, Defendant filed a motion to withdraw his plea of guilty. On October 19, 2012, the Court conducted a hearing on the motion, and at the hearing, Defendant withdrew his motion. On November 29, 2012, Defendant filed another motion to withdraw his guilty plea. On January 28, 2013, the Government filed a response. On January 30, 2013, the Court conducted a

hearing on the motion. At the hearing, Defendant testified, as did his former counsel, Denise Benson. At the end of the hearing, the Court rejected all of Defendant's arguments except for one. The Court had a question whether Defendant's plea of guilty was a knowing and voluntarily plea, when Defendant indicated he did not know that his federal plea could be used against him in a parallel state proceeding. The Court allowed the parties to file additional briefs on this issue. On February 8, 2013, Defendant filed a brief, and on February 13, 2013, the Government filed a responsive brief.

## ANALYSIS
### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing her plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007)(citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)(citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available;

(6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-344. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

## Discussion

Defendant's main argument in support of his claim that there is a fair and just reason to allow him to withdraw his guilty plea is that he did not knowingly or voluntarily enter a guilty plea. Defendant bases this argument on the fact that prior counsel did not explain to him that his plea in federal court could be used against him in a parallel case in state court in Collin County, Texas.

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992)(quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, and the specific elements of the crime.

3

Defendant testified that Ms. Benson never advised him of the consequence that his guilty plea would have on his parallel state case. Defendant further testified that he not did know that his guilty plea and factual statement could be admitted into evidence against him in the parallel state proceeding. Defendant further testified that had he known that his plea of guilty in this case could be used against him in his state case, he would never have pleaded guilty in the federal case.

Ms. Benson then testified that she could not recall ever having the conversation with the Defendant where they discussed the consequences of his plea of guilty in his parallel state case. Ms. Benson testified that it is her practice to do so, but that she could not recall doing so in this case. Ms. Benson further testified that Defendant had informed her that he wanted to enter a plea to his state charges. However, no plea of guilty ever occurred in the state proceeding.

In their supplemental briefs, neither party was able to locate any Fifth Circuit case that addresses this situation. The Government does point out that "upon a showing of a 'fair and just reason' a district court may permit a defendant to withdraw a guilty plea at any time before sentencing."[1] The Court finds that the facts of this case demonstrate a fair and just reason to allow Defendant to withdraw his plea of guilty. In this case, Defendant testified that he would never have entered his plea of guilty to his federal case, if he had known that his plea here could have been used against him in his parallel state proceeding. The Court also has the testimony of his defense counsel, Ms. Benson, that although she typically informs her clients of this situation, she cannot recall doing

---

[1] The Government's supplemental response brief reviews what occurred at the Court's status conference when Defendant decided to not go forward with his first motion to withdraw his plea. The Government asserts that Defendant appeared to believe that the federal and state sentences would be served concurrently. Although the record is not clear on this point, it appears that Defendant thought that the sentences would run concurrently and that after he finished his federal time, his state sentence would also be completed. However, the state court plea never occurred.

so in this case. Since she cannot recall, the Court finds that there is no evidence that such warnings were given. Although the plan may have been for Defendant to enter a plea in state court, no such plea ever took place. Moreover, in the state case, the Court gave the Assistant District Attorney the opportunity to stipulate that the state would not use his federal plea as a confession in the parallel state proceeding, but the Assistant District Attorney would not so certify. If the state had certified, the Court would see that the failure to advise would be harmless. Since the stipulation did not occur, the Court must find that Defendant's plea was not made knowingly or voluntarily to the full consequences of his federal plea of guilty. The Court finds, based upon the totality of the circumstances, that there is a just and fair reason to allow Defendant to withdraw his plea of guilty.

During the hearing, Defendant was advised by counsel and the Court of the consequences of withdrawing his plea. Defendant was informed that if he proceeds to trial. he could receive a longer sentence than contemplated by his plea agreement. Defendant stated that despite the consequences, he wanted to withdraw his plea and proceed to trial.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Plea of Guilty (Dkt. #36) should be **GRANTED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 4th day of March, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE