IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DIETRICK LEWIS JOHNSON, SR., | § | |
| #19931-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18cv163 |
| | § | CRIMINAL ACTION NO. 4:12cr80(1) |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Dietrick Lewis Johnson, Sr. filed a motion for relief that the Court construed as a motion to vacate, set aside, or correct a judgment pursuant to 28 U.S.C. § 2255.   The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### BACKGROUND

On September 29, 2017, Movant filed a motion, in his criminal case, labeled: "Motion for Leave, Requesting this Honorable Court for Permission to File a 60(b) Motion, Pursuant to Federal Rule of Civil Procedure, to File Newly Discovered Evidence Regarding the [Movant's] Actual Innocence" [Civ. Dkt. 1; Crim. Dkt. 88].   For reasons explained more fully below, the motion was docketed as a motion pursuant to § 2255 and flagged as successive.

A review of Movant's criminal case shows that on August 7, 2012, Movant entered a guilty plea pursuant to a written plea agreement [Dkt. 26].   On November 15, 2013, Movant was sentenced to 240 months of imprisonment, 5 years of supervised release, and a special assessment of $100 [Dkt. 64].   On November 22, 2013, Movant appealed his conviction to the Fifth Circuit

[Dkt. 67].  Movant's appeal was dismissed as frivolous [Dkt. 73].  On July 11, 2014, Movant filed a motion to vacate, set aside, or correct a judgment pursuant to 28 U.S.C. § 2255 [Dkt. 72]. On July 29, 2015, Movant's § 2255 Motion to Vacate was dismissed with prejudice [Dkt. 76]. After that, Movant attempted to circumvent the procedural hurdles of § 2255 by filing the instant motion for relief, and a second Rule 60 Motion on October 20, 2017 [Crim. Dkt. 91]; *Johnson v. United States*, No. 4:17-cv-765 (E.D. Tex. Oct. 20, 2018).[1]

## SUCCESSIVE 2255 MOTIONS

Movant titled his original motion, "Motion for Leave, Requesting this Honorable Court for Permission to File a 60(b) Motion, Pursuant to Federal Rule of Civil Procedure, to File Newly Discovered Evidence Regarding the [Movant's] Actual Innocence" [Civ. Dkt. 1; Crim. Dkt. 88].[2] In that motion, Movant argues under the heading "Newly Discovered Evidence" that he "repeatedly told his defense counsel[] that the alleged victim in [his underlying criminal case] filed these charges against [Movant] after they agreed to drop any/all criminal complaint's/charge's [sic] against one another" [Civ. Dkt. 1 at 2-3; Crim. Dkt. 88 at 2-3].  Movant directs the Court to two police reports attached to his Motion: (1) one indicating that the alleged victim in this case "put[] sugar in [Movant's] gas tank;" and (2) another indicating that the alleged victim "[brought] an armed gunman who tried to kill [Movant]" [Civ. Dkt. 1 at 3; Crim. Dkt. 88 at 3].  Movant alleges that these police reports, if further investigated, reveal his actual innocence.  Further, Movant contends his conviction should be vacated because:

---

1 The Court similarly construed Movant's second Rule 60 motion as a motion to vacate, set aside, or correct a judgment pursuant to 28 U.S.C. § 2255, and dismissed the motion for want of jurisdiction for failure to obtain permission from the Fifth Circuit to file a successive § 2255 motion. *Johnson*, No. 4:17-cv-765 (E.D. Tex. Feb. 1, 2018), *report and recommendation adopted*, No. 4:17-cv-765 (E.D. Tex. March 2, 2018).
2 Although Movant titled his request as a "Motion for Leave,"  Plaintiff is actually asking the Court to "hear Movant's Actual Innocence Claims in said Motion" [Civ. Dkt. 1 at 6; Crim. Dkt. 88 at 6].

1.    "State[] Assistant District Attorney lied to this Honorable Court. . . .just to convict [Movant] unlawfully" [Civ. Dkt. 1 at 3; Crim. Dkt. 88 at 3].

2.    Movant was "induced. . . into pleading guilty to an unlawful sentence" due to "the erroneous and unreliable information from defense counsel" [Civ. Dkt. 1 at 3; Crim. Dkt. 88 at 4].

3.    "[D]efense counsel committed an egregious failure when he failed to act while this huge amount of mitigating evidence looked at him with both eye's [sic]" and "lied to this Court, by stating that there were no nonfrivolous ground of error to support an appeal" [Civ. Dkt. 1 at 4; Crim. Dkt. 88 at 4].

It is clear that Movant is attempting to avoid the procedural hurdles of § 2255 by filing the instant motion for relief.   Indeed, Movant expressly acknowledges that "[t]he Magistrate Judge in July of 2015, denied [Movant's] 2255 Motion, alleging ineffective assistance of counsel claims" [Civ. Dkt. 1 at 4; Crim. Dkt. 88 at 4], but avers that "[s]urely at some point [Movant's] Constitutional Rights must be vindicated" [Civ. Dkt. 1 at 5; Crim. Dkt. 88 at 5].

When a movant's Rule 60 motion is an attempt to gain relief from his conviction, as is the case here, the district court should construe it as a § 2255 motion.  *See Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2002) (Rule 60(b) motions should be construed as successive habeas petitions governed by the AEDPA's provisions).   Movant's instant motion seeks to set aside his judgment.   The motion duplicates or mirrors grounds raised in his first and subsequent § 2255 motions and other forms of habeas relief, which were denied or are currently pending.  *See* Civil Case Nos. 4:14-cv-460, 4:14-cv-461, 4:16-cv-141, 4:16-cv-521, 1:17-cv-114, 4:17-cv-765. Movant's contentions also duplicate those asserted in several civil rights cases previously filed by Movant in the Eastern District of Texas.  *See* Civil Case Nos. 4:17-cv-26, 4:17-cv-27, 4:17-cv-309.   Therefore, despite their label, the instant motion is properly considered pursuant to § 2255.

A successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified, as provided in 28 U.S.C. § 2244, by a panel of the appropriate court of appeals before

it can be heard in the district court.  *See In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005).   In this case, Movant does not dispute that he previously filed a § 2255 motion that was denied on the merits.   Because Movant filed a previous § 2255 motion, which was denied, this Court lacks jurisdiction to consider the present motion until such time as leave to file is granted by the Court of Appeals for the Fifth Circuit.  *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).  Therefore, the present motion should be dismissed for want of jurisdiction because Movant has not shown that he obtained permission from the Fifth Circuit to file a successive § 2255 motion.  *Id*.

## RECOMMENDATION

It is accordingly recommended that the construed motion to vacate, set aside or correct the sentence [Civ. Dkt. 1; Crim. Dkt. 88] should be dismissed without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.   28 U.S.C. § 636(b)(1)( C).   To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object   *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 9th day of March, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE