| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 4:12-CR-80 |
| § | |
| DIETRICK LEWIS JOHNSON § | |

### MEMORANDUM AND ORDER

Pending before the court is Defendant Dietrick Lewis Johnson's ("Johnson") *pro se* motion (#170), wherein he requests that the court seal the July 2, 2015, Report and Recommendation filed in his habeas proceeding, Case No. 4:14-cv-460 ("Report and Recommendation"). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motions should be denied.

The operation of the court system is a matter of "utmost public concern," and the public has a right of access to documents or materials filed in a district court. *Landmark Commc'n, Inc. v Virgina*, 435 U.S. 829, 839 (1978); *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020) ("Criminal proceedings and related documents are thus presumptively open to the public." (citing *Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 9 (1986); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005))); *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) ("Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution."); *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit has acknowledged that "the common law right of access to judicial records has consistently been addressed on a case-by-case basis." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017); *accord Binh Hoa Le v. Exeter Fin.*

*Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) (stating courts use the relevant facts and circumstances of each case when weighing the public's common law right of access against the interests favoring nondisclosure); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978) (the public has a right "to inspect and copy public records and documents, including judicial records and documents which is not absolute"); LOCAL RULE CR-49(b).  In exercising its discretion regarding sealing judicial records, the district court "must balance the public's common law right of access against the interests favoring nondisclosure" and acknowledge "[t]he presumption in favor of the public's common law right of access to court records."  *Sealed Search Warrants*, 868 F.3d at 393-95; *Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d 185, 201 (5th Cir. 2010) (when determining whether to seal documents, the district court balances the privacy interest against public's right to access).

Hence, a party seeking to restrict access to public documents must show the restriction is necessitated by a compelling interest.  *Lipman v. Budish*, 974 F.3d 726, 752 (6th Cir. 2020) ("Only the most compelling reasons can justify non-disclosure of judicial records." (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016))); *Sealed Search Warrants*, 868 F.3d at 390 n.1; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("[T]he party [seeking restriction of access] must articulate compelling reasons [for restriction] supported by specific factual findings."); *Casa Orlando Apartments, Ltd.*, 624 F.3d at 201; *United States v. Ketner*, 566 F. Supp. 2d 568, 586 (W.D. Tex. 2008) (stating that sealing is appropriate only when movant shows necessity of compelling interest).

Johnson has not adduced a sufficient reason for the court to restrict access to the judicial records in this case.  In his motion, Johnson appears to contend that while he was housed at United States Penitentiary ("USP") Hazelton, other inmates accessed the Report and Recommendation through LexisNexis.  Johnson asserts that "this prisoner access nearly got the petitioner killed while at USP Hazelton . . . and the petitioner had to be placed in protective custody . . . until he could be transferred to a federal medical center."[1]  Johnson indicates that the Report and Recommendation states that he "raped his ex-girlfriend" and implies that this motivated the other inmates to attack him.[2]

Johnson's motion suggests that the compelling interest in this case is his safety in prison. Johnson, however, has not specifically articulated the contents of any alleged present threats against him.  *See Millhouse v. Warden Lewisburg USP*, 836 F. App'x 105, 107 (3d Cir. 2020) (finding inmate's request to seal or redact court documents because that information had "perpetually followed [him] to several institutions," and that he "was physically confronted and had to physically defend himself," was too vague and undeveloped to rebut the strong presumption of public access to court documents); *Kamakana*, 447 F.3d at 1178 (requiring specific factual findings to support restricted access); *Carter v. Marathon Cnty. Dist. Att'y's Off.*, No. 07-CV-645, 2010 WL 3945475, at *1 (W.D. Wis. Oct. 7, 2010) (denying inmate's request to seal record where he generally alleged he was being threatened by fellow inmates who had learned his status as a government informant); *Hinson v. United States,* No. 4:06-CV-769, 2010 WL

---

[1] Johnson is presently housed at FCI Butner Medium II.

[2] The word "rape" does not appear in the Report and Recommendation, nor does it state that Johnson was convicted of rape.  *See Johnson v. United States*, 4:14-cv-460 (#42).  Rather, the Report and Recommendation provides a factual background of the facts and circumstances underpinning his offense of conviction.

3724869, at *1 (E.D. Mo. Sept. 17, 2010) (declining to seal certain court documents even where movant claimed release of the information could lead to death or injury). In fact, according to Johnson, following the incident, the Bureau of Prisons placed him in protective custody and transferred him to a federal medical center.

Furthermore, this court has no control over independent publishers of federal judicial opinions, such as LexisNexis, and is without authority to order the removal of opinions from its electronic database. *United States v. Lewandowski*, No. CR DKC 14-0082, 2021 WL 391696, at *4 (D. Md. Feb. 4, 2021) ("The details of the crimes he committed are readily available from multiple public sources already."); *Carter*, 2010 WL 3945475, at *1 ("It is unclear whether electronic content providers would even honor this court's request to withdraw . . . orders from the database."); *Hinson*, 2010 WL 3724869, at *1 (denying inmate's request to order legal publisher to remove opinions from its database).

Accordingly, Johnson's *pro se* motion (#170) is DENIED.

SIGNED at Beaumont, Texas, this 8th day of August, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE