| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:12-CR-80 |
| | § | |
| DIETRICK LEWIS JOHNSON | § | |

**MEMORANDUM AND ORDER**

Pending before the court are Defendant Dietrick Lewis Johnson's ("Johnson") *pro se* motions (#s 176, 177, 179, 180, 181, 183, 184, 185, 186), wherein he seeks relief from his conviction and sentence based on his assertion that the Government conspired with the state prosecutor to use his guilty plea in the case at bar against him in his state cases. Having considered the motions, the record, and the applicable law, the court is of the opinion that the motions should be dismissed.

I.   Background

On April 12, 2012, a federal grand jury in the Eastern District of Texas returned a three-count Indictment against Johnson. Johnson was charged in Count One with carjacking, in violation of 18 U.S.C. § 2119; in Count Two with possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and in Count Three with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On May 17, 2012, two parallel state cases were filed against Johnson in the 219th Judicial District Court of Collin County, Texas: Case No. 219-81234-2012, which charged aggravated kidnapping, and Case No. 219-81235-2012, which charged violation of a protective order. Subsequently, on December 13, 2012, a third case was brought against Johnson in the 219th Judicial District Court of Collin County, Texas—Case

No. 219-82905-2012—which charged Johnson with possessing a deadly weapon in a penal institution.[1]

On August 7, 2012, pursuant to a Rule 11(c)(1)(C) binding plea agreement, Johnson pleaded guilty to the federal charge of carjacking, in violation of 18 U.S.C. § 2119. On October 5, 2012, Johnson filed his first motion to withdraw his plea of guilty (#30). A hearing was held on October 19, 2012, during which Johnson withdrew his motion. On November 29, 2012, Johnson filed a second, *pro se* motion requesting new counsel and seeking to withdraw his guilty plea (#36). United States Magistrate Judge Amos Mazzant appointed new counsel to represent Johnson (#38) and held a hearing on his request to withdraw his guilty plea (#45). After the hearing, Johnson's new counsel filed a brief in support of Johnson's motion to withdraw his guilty plea, asserting that Johnson did not knowingly or voluntarily enter a guilty plea because his prior counsel did not explain to him that his plea in federal court could be used against him in a parallel case in state court (#47). On March 4, 2013, Judge Mazzant recommended that the motion be granted (#50).[2] On March 18, 2013, the Government filed objections to the magistrate judge's report and recommendation and included a declaration from Assistant District Attorney Cynthia A. Walker ("Walker") stating that the State of Texas would not use the evidence of Johnson's federal plea against him in the State's case in chief, reserving the right to use his federal plea for

---

[1] Johnson was accused of possessing a shank while incarcerated in the Collin County Jail.

[2] The magistrate judge indicated that he gave the Assistant District Attorney the opportunity to stipulate that the State would not use Johnson's federal plea as a confession in the parallel state proceedings, but the Assistant District Attorney would not so certify. The magistrate judge then found that if the State had certified, the court would regard the failure to advise Johnson regarding the use of his federal plea in the state court proceedings to be harmless. The magistrate judge determined only that, because there was no stipulation, Johnson's plea was not made knowingly or voluntarily as to the full consequences of his federal plea of guilty.

rebuttal and impeachment (#51).  In a memorandum and order denying Johnson's motion to withdraw his guilty plea (#52), the undersigned held that once the State of Texas made the declaration that it would not use the federal plea against Johnson in its case in chief, any error was rendered harmless.

On August 1, 2013, Johnson entered a plea of guilty in each of his three state cases before the 219th Judicial District Court of Collin County, Texas, and was sentenced to 60 years' imprisonment in Case Nos. 219-81234-2012 and 219-81235-2012 and to 10 years' imprisonment in Case No. 219-82905-2012.

On October 15, 2013, Johnson pleaded guilty in federal court to one count of tampering with a witness, victim, or informant in violation of 18 U.S.C. § 1512(a)(2)(A), in case number 4:13-CR-88, pursuant to a Rule 11(c)(1)(C) binding plea agreement.

November 20, 2013, Johnson was sentenced in his federal cases, 4:12-CR-80 and 4:13-CR-88.  Pursuant to binding plea agreements, the court sentenced Johnson to a total term of 365 months' imprisonment for both offenses (240 months on the carjacking charge and 125 months on the tampering with a witness charge, to run consecutively).[3]  At sentencing, the court noted that Johnson had filed one objection to the Presentence Investigation Report ("PSR") (#55), which re-stated the claim that his guilty plea had not been knowing and voluntary.  Johnson, however, withdrew this objection on the record at the sentencing hearing.

---

[3] The sentence imposed was ordered to run concurrently to:  Case Nos. 219-81234-2012 and 219-81235-2012, 219th Judicial District Court of Collin County, McKinney, Texas; Case No. F-1233340, 283rd Judicial District Court of Dallas County, Dallas, Texas; and Case No. F-1270672, 204th Judicial District Court of Dallas County, Dallas, Texas.  The sentence was further ordered to run consecutively to Case No. 219-82905-2012, 219th Judicial District Court of Collin County, McKinney, Texas.

On September 4, 2014, the court amended its judgment pursuant to Federal Rule of Criminal Procedure 35(a), maintaining a term of imprisonment of 365 months, specifying that the sentences should run concurrently with four state cases, but removing a prior provision that they be served consecutively to another state case.[4]  Subsequently, on June 22, 2015, the court dismissed the indictment in case number 4:13-CR-88, without prejudice, on the grounds that it had been issued by a grand jury whose term had expired, leaving only the sentence of 240 months' imprisonment for the carjacking case remaining.

On direct appeal, Johnson's attorney filed an *Anders* brief and a motion to withdraw as counsel; however, Johnson filed a *pro se* letter noting that he had multiple grounds to appeal, including that the trial court erred in denying his motion to withdraw his guilty plea. *United States v. Johnson*, No. 13-41279 (5th Cir.), #s 14, 21.  Ultimately, the United States Court of Appeals for the Fifth Circuit found no nonfrivolous issue for appeal.  *Id.*, #s 38, 39.  Johnson also advanced this argument in his initial motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was subsequently dismissed with prejudice and affirmed on appeal. *Johnson v. United States*, No. 4:14-cv-460; *United States v. Johnson*, No. 15-41085 (5th Cir.).

---

[4] The Amended Judgment states that the imposed term of imprisonment shall run concurrently to: Case Nos. 219-81234-2012 and 219-81235-2012, 219th Judicial District Court of Collin County, McKinney, Texas; Case No. F-1233340, 283rd Judicial District Court of Dallas County, Dallas, Texas; and Case No. F-1270672, 204th Judicial District Court of Dallas County, Dallas, Texas.

II.    <u>Johnson's Motions</u>

Johnson now asserts that the prosecutor in his parallel state cases[5] and the Government conspired to "manufacture a perjured declaration" and "submit it to the court as evidence." Specifically, Johnson appears to contend that the declaration, wherein the state prosecutor certifies that the State of Texas would not use Johnson's federal plea as evidence against him in the State's case in chief, was false. Johnson alleges that "the State ADA[] had known fully well that[] she had already used the Federal materials (Plea Agreement Paperwork) as evidence in the State Trial on 11-26-2012" (#183). As reflected in the state court's records, however, no trial occurred in state court on November 26, 2012, as to the charges against Johnson, and the cases were continued. Instead, Johnson pleaded guilty on August 1, 2013, to each offense charged in his state cases. Therefore, these cases never proceeded to trial and the state prosecutor never presented a case in chief, thus refuting Johnson's claim that his federal guilty plea was used against him in state court in contravention of Walker's declaration. When Johnson pleaded guilty in the state court cases, he waived his right to trial and eliminated any necessity or opportunity for the state prosecutor to present a case in chief and to act contrary to the declaration filed in this case. Thus, Johnson has failed to identify any non-frivolous issue warranting the court's consideration. Moreover, Johnson's motions appear to challenge the validity of his conviction, but he fails to

---

[5] Johnson's motions reference three state court cases that were pending in the 219th Judicial District Court of Collin County, Texas, in which he claims his federal guilty plea was used against him: Case No. 219-81234-2012 (Aggravated Kidnapping), Case No. 219-81235-2012 (Violation of Protective Order), and Case No. 219-82905-2012 (Possessing a Deadly Weapon in Penal Institution). While his Aggravated Kidnapping and Violation of Protective Order convictions involve the same events and circumstances as the present case, it is not clear how his conviction for Possessing a Deadly Weapon in a Penal Institution is related.

identify any grounds warranting a successive § 2255 motion, and the Fifth Circuit has not authorized him to file a successive § 2255 motion.[6]  *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

The court previously admonished Johnson not to file additional frivolous or repetitive challenges (#s 141, 155, 159, 167), and the Fifth Circuit has sanctioned Johnson for similar frivolous filings (#s 133, 148).  Furthermore, this court's September 21, 2021, Memorandum and Order states:

> Moreover, despite the imposition of sanctions by the Fifth Circuit and orders that he obtain leave of court before filing additional challenges to his conviction and sentence, Johnson remains undeterred.  Although repeatedly warned and cautioned by this court and the Fifth Circuit, Johnson continues to file frivolous and repetitive motions.  While most of his recent filings are ostensibly entitled "motion for leave," they actually contain multiple pages setting forth claims and arguments challenging his conviction and/or sentence.  Accordingly, Johnson is ORDERED to refrain from filing any further challenges to his conviction and/or sentence in this court without first seeking leave of court demonstrating why his claim is not barred and setting forth legal authority for the relief sought.  A claim is barred if, in the absence of a change in the controlling law, Johnson previously raised it in the course of this litigation and it was rejected by the court or if he failed to raise the claim in a prior filing challenging his conviction and/or sentence.  Johnson's failure to adhere to this directive may result in the imposition of monetary sanctions by this court.

Johnson has not demonstrated why his current claim is not barred or set forth any legal authority excusing his failure to raise the claim on direct appeal or in his prior habeas proceeding.

III.   Conclusion

In accordance with the foregoing, Johnson's ("Johnson") *pro se* motions (#s 176, 177, 179, 180, 181, 183, 184, 185, 186) are DISMISSED.

---

[6] Johnson filed his initial § 2255 motion on July 11, 2014 (#72), which was denied (#76). Thereafter, Johnson filed successive § 2255 motions (#s 86, 88, 91, 147), which were all dismissed (#s 87, 96, 101, 175).

Johnson must seek and obtain permission from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion to vacate, set aside, or correct sentence before filing any additional challenges in this court. The Clerk of Court is instructed to STRIKE from the record any additional pleadings and documents filed by Johnson relating to challenges to his conviction and/or sentence in the absence of pre-authorization by the Fifth Circuit. Upon striking any filings, the Clerk of Court is to RETURN them to Johnson by mail through the United States Postal Service.

SIGNED at Beaumont, Texas, this 8th day of August, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE